## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABDUL-HAQQ SHABAZZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 16-570-RGA |
| | : | |
| DELAWARE DEPARTMENT OF | : | |
| CORRECTION, et al., | : | |
| | : | |
| Defendants. | : | |

Abdul-Haqq Shabazz, James T. Vaughn Correctional Center, Smyrna, Delaware,
Pro Se Plaintiff.

## MEMORANDUM OPINION

October \7, 2016
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Abdul-Haqq Shabazz, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 4). The Court proceeds to review and screen the Complaint (D.I. 3) pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

Plaintiff is totally blind in the left eye and has extreme impairment in the right eye. He alleges that the Delaware Department of Correction ("DDOC") and the Delaware Department of Correction Education ("DDOCE") have deprived him of benefits or programs for which he was otherwise qualified by failing to accommodate his eye impairment. Also named as defendants are DDOC Commissioner Robert Coupe and VCC Warden David Pierce. The complaint, however, contains no allegations directed towards Coupe or Pierce.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and

take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

(2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## DISCUSSION

The ADA and Rehabilitation Act claims against Coupe and Pierce must be dismissed because they are not public entities subject to suit under the ADA or the Rehabilitation Act. *See* 42 U.S.C. § 12132 ("Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." (emphasis added)); 42 U.S.C. § 12131 (defining "public entity" as (a) any State or local government; (b) any department, agency, special purpose district, or other

instrumentality of a State or States or local government; and (c) the National Railroad
Passenger Corporation, and any other commuter authority).  In addition, neither Title II
of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits
against state officials.  *See Matthews v. Pennsylvania Dep't of Corr.*, 613 F. App'x 163,
169 (3d Cir. 2015); *Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn*, 280 F.3d 98,
107 (2d Cir. 2001).  Therefore, Coupe and Pierce will be dismissed as the claims
against them are legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and
1915A(b)(1).  Plaintiff will be allowed to proceed against the DDOC and the DDOCE.[1]

## REQUEST FOR COUNSEL

In his prayer for relief, Plaintiff asks the Court to allow an inmate to assist him in
this matter until court appointed counsel or pro bono counsel can be secured.  (D.I. 2 at
Request for Relief ¶ C.iiii.).  The Court construes this as a request for counsel.

Plaintiff proceeds *pro se,* has been granted leave to proceed *in forma pauperis*,
and requests counsel.  The Court determines that it is appropriate to encourage legal
representation for Plaintiff by an attorney in this case.  Therefore, the Court will grant
Plaintiff's request.

## CONCLUSION

---

[1] Two letters filed on Plaintiff's behalf ask that the Court treat the complaint as
"imminent danger," stating that a recommended eye operation has not been performed.
(D.I. 6, 7).  Typically "imminent danger is raised under the "three strikes" provision of 28
U.S.C. § 1915(g).  Plaintiff has the option of seeking to amend or filing a new complaint
to the extent the intent of the letters is to raise a medical needs claim under 42 U.S.C.
§ 1983.

For the above reasons, the Court will:  (1) dismiss Defendants Robert Coupe and David Pierce as the claims against them are legally frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1); (2) allow Plaintiff to proceed against Delaware Department of Correction and Delaware Department of Correction Education; and (3) grant Plaintiff's request for counsel.

An appropriate order will be entered.