IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ABDUL-HAQQ SHABAZZ,

                Plaintiff;

v.

CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC., et. al.,

                Defendants.

Civil Action No. 16-570-RGA

## MEMORANDUM OPINION

Joanna J. Cline, Esq., PEPPER HAMILTON LLP, Wilmington, DE; Christopher B. Chuff, Esq., PEPPER HAMILTON LLP, Wilmington, DE; Laurence Z. Sheikman, Esq., PEPPER HAMILTON LLP, Philadelphia, PA; Renee C. Manson, Esq., PEPPER HAMILTON LLP, Philadelphia, PA; Craig G. Steen, Esq., PEPPER HAMILTON LLP, Philadelphia, PA.

Attorneys for Plaintiff

Dana Spring Monzo, Esq., WHITE AND WILLIAMS LLP, Wilmington, DE; Randall S. MacTough, Esq., WHITE AND WILLIAMS LLP, Wilmington, DE.

Attorneys for Defendant Connections Community Support Programs, Inc.

November 22, 2017

*signature*
**ANDREWS, U.S. DISTRICT JUDGE:**

Presently before the Court is Defendant Connections Community Support Programs' Motion to Dismiss for Failure to State a Claim. (D.I. 28). The motion has been fully briefed (D.I. 29, 35 & 41). For the reasons set forth herein, the Defendant's motion is granted and Plaintiff is granted leave to file a Third Amended Complaint.

## I. BACKGROUND

Plaintiff Abdul-Haqq Shabazz filed his complaint *pro se* on June 30, 2016. (D.I. 2). After being appointed counsel, Plaintiff filed a First Amended Complaint on April 7, 2017 (D.I. 22) and a Second Amended Complaint on May 12, 2017 (D.I. 27). The Second Amended Complaint alleges that Defendant Connections Community Support Programs, Inc. violated the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983. Plaintiff claims that Defendant, a medical contractor for the Delaware Department of Corrections ("DDOC"), has been deliberately indifferent to Plaintiff's serious medical needs by denying treatment for Plaintiff's glaucoma, not providing Plaintiff with adequate eyeglasses or orthopaedic shoes, and not providing information about Plaintiff's medications as it relates to individuals with glaucoma and cataracts. (D.I. 27, ¶ 2).

Plaintiff's allegations lack sufficient detail about a particular policy, practice, or custom maintained by Defendant that caused Plaintiff's injury. Plaintiff's allegations do not support a constitutional claim against Defendant Connections.

## II. LEGAL STANDARD

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Rule 8(a) requires "a short and plain statement of the

1

claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."). Finally, the Supreme Court has stated that a "threadbare recital of the elements of a cause of action, supported by mere conclusory statements," is not enough for the court to accept those allegations as true. *Id.*

## III. DISCUSSION

Plaintiff alleges two theories against Defendant. First, Plaintiff contends that Defendant Connections has "refus[ed] to provide [Plaintiff] with any form of meaningful treatment, constitut[ing] deliberate indifference to [Plaintiff's] known and objectively serious medical needs, thereby violating his Eighth Amendment right to be free from cruel and unusual punishment." (D.I. 27, ¶ 79). Second, Plaintiff argues that Defendant Connections has "implemented an institutional policy, custom and/or practice under which [Plaintiff] has been knowingly and continuously deprived of necessary and appropriate treatment for his serious medical needs...evidenced by the continued denial of minimally adequate care to [Plaintiff] over the course of more than a decade, despite repeated requests for treatment from [Plaintiff] and his doctors." (*Id.* at ¶ 2).

2

Plaintiff maintains that Defendant, "at all times relevant to [the] complaint," has acted under color of state law through the contract with the DDOC. (*Id.* at ¶ 12). The majority of Plaintiff's complaint focuses on the years between 2000 and early 2014. (*Id.* at ¶¶ 13-46). However, Defendant's contract with the DDOC did not go into effect until June 1, 2014. (*Id.* at ¶ 47). While the Plaintiff has a long history with the DDOC, most of the alleged mistreatment, including the several unsuccessful surgeries claimed by Plaintiff, occurred before Defendant became the medical care contractor for the DDOC. (*Id.* at ¶¶ 24-46).

The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Furthermore, a "mere disagreement" with the form of treatment is not sufficient to state a claim for deliberate indifference to a serious medical need. *Pearson v. Prison Health Servs.*, 850 F.3d 526, 535 (3d Cir. 2017).

Here, Plaintiff refers to several examples of his alleged mistreatment, including not being provided with glare-resistant eyeglasses, orthopaedic shoes to help with imbalance problems, or information about his medications as it relates to individuals with glaucoma and cataracts. (D.I. 27, ¶¶ 53(a)-(c)). Defendant argues that these examples amount to "dispute[s] over the adequacy of the care." (D.I. 29, p.8). Additionally, Defendant contends that these instances do not rise to a constitutional claim and these allegations, including the "lack of informed consent" about his medications, arise under state tort law, if anything. (*Id.* at pp. 8-9). Plaintiff's allegations point to Plaintiff's dissatisfaction with the treatment he was given but do not rise to the level of an "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104.

3

Further, "a civil rights claim is inadequate if it fails to allege the 'conduct, time, place, and persons responsible.' " *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). As it relates to Plaintiff's claim of repeated requests for eye surgery, Defendant notes that Plaintiff "has not alleged to whom he made requests for surgery, when or how frequently he made the requests, by what method the requests were made, or the reasons he was given for why the surgery was denied." (D.I. 41, p. 1). In fact, Plaintiff's complaint details only one specific request for treatment– the request for a doctor "other than Dr. Hu" to perform his glaucoma surgery. (D.I. 27, ¶ 31). However, the complaint indicates that this request occurred "c. 2013," before Connections had any responsibility for Plaintiff's treatment. (*Id.*). The complaint states that two unspecified prison nurses, and the prison's "grievance board," responded to his request. (*Id.* at ¶ 32). According to Plaintiff, the response to his request was that "if he did not allow physicians at the [Delaware Eye Care Center] to perform his glaucoma surgery, then he would not receive the surgery at all." (*Id.*). This all appears to have occurred in 2013. Thus, the Second Amended Complaint contains no plausible factual allegations in support of Plaintiff's theory.

In his reply brief, Plaintiff states that he has been denied medical treatment by Defendant "pursuant to site-specific policies, custom, and/or practices *that are not publicly available.*" (D.I. 35, p.1) (emphasis added). However, a Plaintiff "must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 232-33 (3d Cir. 2008)). Plaintiff lacks plausible factual allegations for his claim that Defendant implemented policies, customs, and/or practices that deny medical treatment to Plaintiff. (*See* D.I. 27, ¶¶ 51-56). Plaintiff does not point to instances of similar treatment of other inmates. (D.I. 41, p. 2).

4

Without any plausible factual allegations against Connections, Defendant's Motion to Dismiss is GRANTED.

I am granting Plaintiff leave to amend. As Plaintiff's first complaint was filed *pro se* and his First and Second Amended Complaints were nearly identical and filed barely a month apart (D.I. 22, 27), I am inclined to give Plaintiff another opportunity to state his claim with sufficient factual detail to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. For this reason, Plaintiff is granted leave to amend.

## IV. CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss is granted, and Plaintiff is granted leave to amend.