# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADBUL-HAQQ SHABAZZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DELAWARE DEPARTMENT OF )<br>CORRECTION, *et al.*, )<br>)<br>Defendants. ) | C.A. No. 16-570 RGA<br><br>JURY TRIAL DEMANDED |

## DOC DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITON TO MOTION TO DISMISS COUNT I OF THE SECOND AMENDED COMPLAINT

DOC Defendants[1] reply to Plaintiff's Response in Opposition to DOC Defendants' Motion to Dismiss Count I of the Second Amended Complaint (D.I. 71, the "Response") as follows:

### BACKGROUND

1. Plaintiff's current counsel was recognized on January 24, 2017. (D.I. 18).

2. Plaintiff filed an Amended Complaint on April 7, 2017. (D.I. 22).

3. Plaintiff filed a Second Amended Complaint on May 12, 2017. (D.I. 27).

4. In August 2017, the Final Report on the JTVCC prison uprising was issued. (D.I. 71-1).

5. On September 18, 2017, State Defendants, including DOC, responded to Plaintiff's first set of interrogatories and document requests. (D.I. 55).

6. As set forth in the Motion, on November 28, 2017, the Court granted Connections' motion to dismiss but gave Plaintiff leave to amend (by December 15, 2017). (*See* D.I. 58). This

---

[1] Capitalized terms not defined herein have the meanings given those terms in DOC Defendants' motion to dismiss Count I of the Second Amended Complaint. (D.I. 70, the "Motion").

deadline was extended at Plaintiff's request to January 2018, but Plaintiff ultimately chose not to amend.

7. Also as set forth in the Motion, DOC Defendants thereafter requested that Plaintiff voluntarily dismiss Count I given the Court's November 2017 ruling, but Plaintiff refused, thus necessitating the Motion. Plaintiff filed the Response on August 13, 2018; this is DOC Defendants' reply.

**ARGUMENT**

8. Plaintiff's Response fails to address the merits of the Motion, for good reason, as the Court's rationale for dismissing Count I as to Connections applies *a fortiori* to DOC Defendants. Plaintiff first argues that the Motion should be denied (or a decision on it delayed) because DOC Defendants have allegedly obstructed discovery. Nothing could be further from the truth, and even if DOC Defendants failed to fully respond to discovery, Plaintiff never complained about it, until now, almost *one year* after DOC Defendants provided their responses[2] and only after DOC Defendants filed the Motion.

9. Moreover, the Court already rejected the argument Plaintiff now makes. In its November 2017 Memorandum Opinion, the Court noted Plaintiff's argument that site specific policies were not publically available, but the Court nevertheless held that Plaintiff is required to identify a custom or policy and specifically identify that policy or custom. (D.I. 57 at 4). Because Plaintiff did not allege these facts, Count I against Connections was dismissed and Plaintiff properly was barred from taking discovery to find a policy.

---

[2] In fairness, for a couple months the parties were engaged in efforts to settle the matter. However, discovery was never formally stayed and Plaintiff never complained about DOC Defendants' responses. What is clear, however, is that DOC Defendants have not "hid behind of veil of secrecy." That hyperbole is not supported by the record.

10. Plaintiff next argues that the Final Report "reveals significant deficiencies in inmate medical care precisely of the type suffered by Mr. Shabazz…." Besides not citing to a page in the report where this is revealed, this argument also overlooks the fact that it is not a citation to the Second Amended Complaint. Indeed, the Response is remarkably void of citations to factual allegations contained in the Second Amended Complaint. And if the Final Report supported what Plaintiff now alleges in the Response, then the report and those allegations should have been included in a complaint. The Final Report was publically available for no less than four months prior to the (extended) deadline the Court provided Plaintiff to file a third amended complaint. Plaintiff chose not to amend and he cannot therefore now use the Report to defeat the Motion.[3]

11. Realizing that there really is no sound basis to defeat the Motion outright, Plaintiff asks the Court to hold the Motion in abeyance. However, holding the Motion in abeyance simply does not work with the Court's schedule. The current discovery deadline is September 28, 2018. (D.I. 69 at ¶ 8). Plaintiff's expert deadline is October 29, 2018, and dispositive motions are due in March 2019. (*Id.* at ¶¶ 9-10). Trial is scheduled for June 2019. If Plaintiff is willing to continue trial and the other deadlines, then DOC Defendants have no position on holding the Motion in abeyance. However, unless they agree to a rescheduling, and assuming the Court is willing to continue trial again, holding the Motion in abeyance simply does not work. And DOC Defendants will oppose discovery on medical issues where the Court has unequivocally made clear Plaintiff has not stated a claim for deliberate indifference.

---

[3] Plaintiff had all the incentive he needed to consider whether the Report provided a factual basis for an amendment. The Court's Opinion provided that Plaintiff failed "to point to instances of similar treatment of other inmates…." (D.I. 57 at 4). Plaintiff had more than fair warning that the Second Amended Complaint lacked these allegations. If the Final Report filled this void (and DOC Defendants do not concede it does), then Plaintiff had more than enough time to add those factual allegations by January 2018.

12. In concluding that Plaintiff failed to state a deliberate indifference claim against Connections, the Court noted the lack of allegations of personal involvement. (D.I. 57 at p. 4). The Court also noted the allegations "point to Plaintiff's dissatisfaction with the treatment he was given but do not rise to the level of an 'unnecessary and wanton infliction of pain.'" (*Id* at p. 3). The Court held Plaintiff "lacks plausible factual allegations for his claim that Defendant implemented policies, customs, and/or practices that deny medical treatment to Plaintiff." (*Id.* at p. 4). And even though the Court observed that Connections was not the medical vendor for the entirety of the relevant time-period, these legal conclusions apply with no less force to the DOC Defendants. And, as noted in the Motion, the Court's legal conclusions apply with greater force to DOC Defendants since they were not Plaintiff's medical providers. (Motion ¶ 7). The Motion must be granted to be consistent with the Court's earlier ruling.

13. To the extent the Court has any hesitation about dismissing Count I against DOC Defendants to stay consistent with its earlier ruling—and it should have none—the Motion can be granted for a much simpler reason. As noted in the Motion, DOC is not subject to suit under 42 U.S.C. § 1983, and neither are Pierce and Parker because they are sued only in their official capacities. (Motion at ¶ 7). Plaintiff's Response does not even address this point.[4]

---

[4] The Court could therefore consider opposition to this argument waived.

14. For the above reasons and those set forth in the Motion and unrebutted in the Response, DOC Defendants respectfully request that the Court grant the Motion and dismiss Count I in its entirety.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Joseph C. Handlon*
Joseph C. Handlon (#3952)
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

Dated: August 20, 2018        *Attorney for State Defendants*