IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ABDUL-HAQQ SHABAZZ,<br><br>Plaintiff,<br><br>v.<br><br>DELAWARE DEPARTMENT OF<br>CORRECTION, *et al.*,<br><br>Defendants. | Civil Action No. 16-570-RGA |

MEMORANDUM ORDER

Before me is Plaintiff's Motion for Partial Summary Judgment. (D.I. 184). This motion arises from Plaintiff's claims against Defendants Delaware Department of Correction (DOC) and Delaware Department of Education (DOE) under Title II of the Americans with Disabilities Act ("ADA") (Count II) and Section 504 of the Rehabilitation Act ("RA") (Count III) in the Third Amended Complaint. (D.I. 117). Plaintiff seeks partial summary judgment against DOC on three issues: (1) Plaintiff was a qualified individual with a disability within the meaning of the ADA from June 30, 2014 to present; (2) Defendant violated the ADA and RA by housing Plaintiff in the infirmary from July 1, 2019 through March 5, 2020; and (3) Defendant acted with deliberate indifference while housing Plaintiff in the infirmary.

I have reviewed the parties' briefing. (D.I. 185, 190, 195). For the reasons that follow, I will deny Plaintiff's Motion for Partial Summary Judgment. (D.I. 184).

1

I. **BACKGROUND**

Plaintiff Abdul-Haqq Shabazz, then an inmate at James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed his initial complaint *pro se* on June 30, 2016. (D.I. 2). When Plaintiff filed his original complaint, he was completely blind in his left eye and his vision in his right eye was severely impaired. (*Id.* at ¶ 9). Plaintiff has been diagnosed with glaucoma and cataracts in both of his eyes for the past sixteen to twenty-one years. (D.I. 117 at ¶ 16). On or about April 13, 2019, Plaintiff became completely and irreversibly blind in his right eye. (*Id.* at ¶¶ 3, 49).

Plaintiff filed his Third Amended Complaint on November 22, 2019. (D.I. 117). As filed, Plaintiff named three defendants: DOC, DOE, and Dr. Vincent Carr. I dismissed the claim against Dr. Carr. (D.I. 150). Plaintiff asserts two counts against both DOC and DOE—a claim under Title II of the ADA and a claim under Section 504 of the RA. As relevant to this motion, Plaintiff alleges that DOC discriminated against Plaintiff by "changing his housing status from medium security to housing in the infirmary, which does not offer the same programs, rights, and privileges, as when he was housed in medium security housing and which are available to other non-disabled inmates, solely on account of his going completely blind on or about April 13, 2019." (D.I. 117 at ¶ 6). On April 13, 2019, Plaintiff was admitted to Wills Eye Hospital in Philadelphia for treatment on his right eye, at which time he became completely blind. (Ex. E. at DOC003357). Plaintiff was transferred back to the JTVCC infirmary on April 18, 2019. (Ex.

D). Plaintiff stayed in the infirmary until March 6, 2020, when he was transferred to the Merit Building at Sussex Correctional Institute ("SCI").[1] (Ex. O at DOC004031).

## II. LEGAL STANDARD

A moving party is entitled to summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to show that there is a "genuine issue for trial." *Id.* at 324. To withstand a properly supported

---

[1] On February 10, 2020, Plaintiff filed a Motion for Temporary Restraining Order requesting a restraint on Plaintiff's transfer to SCI. (D.I. 130). I denied this motion. (D.I. 139).

3

motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at 250.

There is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322. "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250–51.

### III. DISCUSSION

I will consider Plaintiff's ADA and RA claims together because "the substantive standards for determining liability are the same." *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 288 (3d Cir. 2019) (citation omitted). To prevail on his claims under Title II of the ADA and Section 504 of the RA, Plaintiff must show: (1) "he is a qualified individual with a disability"; (2) he "was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination"; (3) "by reason of his disability."[2] *Id.* at 288–89; 42 U.S.C. § 12133. Plaintiff requests partial summary judgment on all three elements of his RA and ADA claims against Defendant. I will address each element in turn.

#### A. Whether Plaintiff was a qualified person with a disability

Plaintiff first requests partial summary judgment on the first element of his claims: that Plaintiff was a qualified person with a disability from June 30, 2014 through the present. As an inmate in state prison, Plaintiff is a "qualified individual" under the ADA. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210–13 (1998); 42 U.S.C. § 12131(2). Both parties agree that Plaintiff

---

[2] Under the RA, Plaintiff must additionally show that Defendant receives federal funding. *Baxter v. Pa. Dep't of Corr.*, 661 F. App'x 754, 757 (3d Cir. 2016). The presence of this element is not in dispute.

4

was a qualified individual with a disability once he became completely blind in both eyes on April 13, 2019. (D.I. 190 at 8). The parties disagree, however, on whether Plaintiff had a disability from June 30, 2014 through April 13, 2019 when he was completely blind in his left eye and had lost 80% of the vision in his right eye.

The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). To prove that he has a disability, Plaintiff "must show that [he] had an impairment; identify the life activity that [he] claims is limited by the impairment; and prove that the limitation is substantial." *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 501 (3d Cir. 2010). Plaintiff's blindness in one eye is a physical impairment that limits the major life activity of seeing. *Id.*; 42 U.S.C. § 12102(2)(A). The issue remains, however, whether Plaintiff's monocular vision during the period prior to April 13, 2019 was a substantial limitation. The standard for determining whether an impairment "substantially limits" a major life activity "is not meant to be a demanding standard" and "shall be construed broadly in favor of expansive coverage." 29 C.F.R. § 1630.2(j)(1)(i); 42 U.S.C. § 12102(4)(A). "The determination of whether an impairment substantially limits a major life activity requires an individualized assessment." 29 C.F.R. § 1630.2(j)(1)(iv). In conducting this individualized assessment, "courts have required some evidence of the plaintiff's substantial limitation—even when the limitation seems self-evident in context." *Alston v. Park Pleasant, Inc.*, 679 F. App'x 169, 172 (3d Cir. 2017).

Plaintiff contends that his visual limitations were substantial. (D.I. 195 at 3). Plaintiff points to his medical grievances from 2016 and 2017 in which he stated that he had serious visual problems causing him to run into things and slip and fall, and limiting his ability to read

and write. (*Id.*; Ex. T at DOC003026, DOC003052). Plaintiff also points to his medical records which state that he had poor vision and severe eye damage. (Ex. DD at DOC003874). Defendant responds that the record is not conclusive, specifically pointing out that the record shows that Plaintiff was able to read and write well enough to submit grievances. (D.I. 190 at 13).

The parties dispute the impact that Plaintiff's monocular vision had on his ability to see and complete tasks. This is a genuine dispute of material fact in the determination of whether Plaintiff had a disability prior to April 13, 2019 and, more specifically, whether Plaintiff's ability to see was substantially limited. For this reason, I deny partial summary judgment on this issue.

### B. Whether Plaintiff was excluded from services, programs, and activities

Plaintiff requests partial summary judgment establishing that Defendant violated the ADA and RA by housing Plaintiff in the JTVCC infirmary from July 1, 2019 through March 5, 2020. This request relates to the second and third elements of the ADA and RA claims. The second element requires Plaintiff to show that he "was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination." *Furgess*, 933 F.3d at 288–89. "Modern prisons provide inmates with many recreational 'activities,' medical 'services,' and educational and vocational 'programs,' all of which at least theoretically 'benefit' the prisoners (and any of which disabled prisoners could be 'excluded from participation in')." *Yeskey*, 524 U.S. at 210. To establish liability, Plaintiff must show that he has been denied "meaningful access" to prison programs. *CG v. Pa. Dep't of Educ.*, 734 F.3d 229, 237 (3d Cir. 2013) (citing *Alexander v. Choate*, 469 U.S. 287, 301 (1985)).

Plaintiff argues that his housing in the infirmary precluded his access to many programs and services that were available to other inmates, including the yard area, storage for personal papers, the law library, religious services, and educational programs. (D.I. 185 at 12; Ex. P at 183–86; Ex. R at 69–70, 116). Defendant argues that Plaintiff still had access to the same furniture and personal property in the infirmary that he would have had in the general population. (D.I. 190 at 17). Defendant further contends that the record shows that Plaintiff was not completely excluded from the other programs, as Plaintiff still had limited access to a different yard area, storage space, and the law library. (*Id.*)

The parties dispute the impact that Plaintiff's stay in the infirmary had on his access to the prison's programs and services. This is a genuine dispute of material fact in the determination of whether Plaintiff was excluded from prison programs and whether Plaintiff had meaningful access to the programs. For this reason, I deny partial summary judgment on this issue.

### C. Whether Defendant discriminated against Plaintiff because of his disability

The third element of the ADA and RA claims requires Plaintiff to show that he was excluded from the prison's programs or services "by reason of his disability." *Furgess*, 933 F.3d at 288–89. This element is satisfied under the ADA if Plaintiff shows that his disability "played a role in the . . . decisionmaking process and . . . had a determinative effect on the outcome of that process," or, in other words, his disability was a "but for" cause of his confinement to the infirmary. *Haberle v. Troxell*, 885 F.3d 170, 179 (3d Cir. 2018) (alteration in original) (quoting *CG*, 734 F.3d at 236 n.11). The RA, however, employs a stricter causation standard: "[U]nder

7

the RA, the disability must be the sole cause of the discriminatory action." *Furgess*, 933 F.3d at 291 n.25.

Plaintiff argues that Defendant housed Plaintiff in the infirmary, and denied him access to prison programs, because he was blind. (D.I. 185 at 13). Defendant responds that it housed Plaintiff in the infirmary for security reasons since he was at a higher risk of assault and theft due to his blindness. (D.I. 190 at 15).

While it appears from the record that the only viable reason for Defendant's continued housing of Plaintiff in the infirmary was his blindness, I am leaving this issue undecided because any resolution of this narrow issue would have marginal, if any, benefit. I believe it is better to leave this issue open for trial because any decision on this motion will do nothing to simplify the issues at trial.[3] Thus, I deny partial summary judgment on this issue.

### D. Whether Defendant acted with deliberate indifference

Plaintiff seeks partial summary judgment that Defendant acted with deliberate indifference in housing Plaintiff in the infirmary for eleven months. In his Third Amended Complaint, Plaintiff requests compensatory damages. (D.I. 117 at ¶¶ 142–143). Compensatory damages require proof of "intentional discrimination," which requires Plaintiff to show that

---

[3] The Committee Notes on Rules – 2010 Amendment provide the basis for my exercise of discretion not to rule on this narrow issue: "If it is readily apparent that the court cannot grant all the relief requested by the motion, it may properly decide that the cost of determining whether some potential fact disputes may be eliminated by summary disposition is greater than the cost of resolving those disputes by other means, including trial. Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established. The court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event." Fed. R. Civ. P. 26(g) advisory committee's note; *see also Adams v. Klein*, 2020 WL 2404772, at *4 (D. Del. May 12, 2020).

8

Defendant acted with deliberate indifference. *S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 261 (3d Cir. 2013). To prove deliberate indifference, Plaintiff must show "(1) knowledge that a federally protected right is substantially likely to be violated and (2) failure to act despite that knowledge." *Haberle*, 885 F.3d at 181 (cleaned up) (quoting *S.H. ex rel. Durrell*, 729 F.3d at 265). Plaintiff can prove the first element by showing either (1) "a failure to adequately respond to a pattern of past occurrences of injuries like his, or (2) that the risk of cognizable harm was so great and so obvious that the risk and the failure to respond will alone support finding deliberate indifference." *Matthews v. Pa. Dep't of Corr.*, 827 F. App'x 184, 187 (3d Cir. 2020) (cleaned up) (quoting *S.H. ex rel. Durrell*, 729 F.3d at 265).

Plaintiff contends that Defendant had knowledge of the risk of harm to Plaintiff, as the DOC witnesses admitted that Plaintiff did not have the same access to programs or activities while living in the infirmary. (D.I. 185 at 18). As to the second element of deliberate indifference, Plaintiff argues that Defendant failed to act to accommodate Plaintiff by housing him in the infirmary for eleven months. (*Id.* at 19). In response, Defendant argues that its decision to house Plaintiff in the infirmary was temporary, and that during this time Defendant was deciding how to best accommodate Plaintiff. (D.I. 190 at 15–16).

The parties dispute whether Defendant took the appropriate actions to accommodate Plaintiff's needs while Plaintiff was housed in the infirmary. This is a genuine dispute of material fact in the determination of whether Defendant acted with deliberate indifference. For this reason, I deny partial summary judgment on this issue.

## IV. CONCLUSION

For the reasons discussed above, I will deny Plaintiff's Motion for Partial Summary Judgment. (D.I. 184).

Entered this 1st day of October 2021.

*/s/ Richard G. Andrews*
United States District Judge